UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS L. WILSON,

    *Plaintiff*,

v.

COMMISSIONER OF SOCIAL SECURITY,

    *Defendant*.
_____/

CASE NO. 2:14-cv-12210-LPZ-PTM

DISTRICT JUDGE LAWRENCE P. ZATKOFF
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO RULE 41(b) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that the case be **DISMISSED WITH PREJUDICE FOR WANT OF PROSECUTION** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**II.    REPORT**

    **A.    Introduction**

By order of U.S. District Judge Lawrence P. Zatkoff, this case was referred to the undersigned magistrate judge for general case management on June 5, 2014. (Doc. 3.) Service of process was effectuated and the Commissioner of Social Security filed an answer to the Complaint on August 13, 2014. (Doc. 9.) This Court issued a scheduling order on August 14, 2014, ordering Plaintiff to file his motion for summary judgment by September 15, 2014. (Doc. 11.) Plaintiff did not file a motion nor did he ask for an extension of time. On October 10, 2014, this Court entered

an Order for Plaintiff to Show Cause why the undersigned should not recommend that the Complaint be dismissed for want of prosecution, allowing Plaintiff until October 24, 2014 to respond. (Doc. 13.) To date, no response has been made.

**B.  Discussion**

Rule 41(b) gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

In this case, Plaintiff's motion for summary judgment was due on September 15, 2014, yet, to date, Plaintiff has failed to file the motion. In addition, Plaintiff was specifically warned that the case may be dismissed should he fail to file a motion and brief by October 24, 2014. (Doc. 13.) I therefore suggest that Defendant should not be further prejudiced by Plaintiff's failure to pursue

his claims. This outcome is consistent with the prevailing practice throughout this circuit. *See, e.g., Gayles v. Comm'r of Soc. Sec.*, No. 09-11914, 2010 WL 3582553, at *1 (E.D. Mich. Sept. 9, 2010) (Rosen, J.) (adopting Report and Recommendation to dismiss case for failure to prosecute under 41(b) where plaintiff argued his failure was due to his failed attempts to find a lawyer); *Miles-Richardson v. Comm'r of Soc. Sec.*, No. 09-11275, 2010 WL 1790976, at *1 (E.D. Mich. May 3, 2010) (Zatkoff, J.) (dismissing with prejudice for failure to prosecute under 41(b)); *McNaughton v. Comm'r of Soc. Sec.*, No. 09-10766, 2009 WL 4646029, at *2 (E.D. Mich. Dec. 4, 2009) (Borman, J) (dismissing with prejudice for failure to prosecute under 41(b)); *Hardison v. Soc. Sec. Admin.*, No. 3:10-0171, 2010 WL 4624227, at *1 (M.D. Tenn. Nov. 5, 2010) (recommending dismissal for failure to prosecute); *Nard v. Comm'r of Soc. Sec.*, No. C-1-06-322, 2008 WL 906050, at *1 (S.D. Ohio Mar. 31, 2008) (dismissing with prejudice for failure to prosecute under 41(b)); *Johnson v. Sanders*, No. 07-2029, 2008 WL 199706, at *1 (W.D. Tenn. Jan. 23, 2008) (dismissing with prejudice for failure to prosecute under 41(b)). *Contra Crist v. Comm'r of Soc. Sec.*, No. 13-14008, 2014 WL 2931412, at *2 (E.D. Mich. June 27, 2014) (Michelson, J.); *Wright v. Comm'r of Soc. Sec.*, No. 09-15014, 2010 WL 5420990, at *3 (E.D. Mich. Dec. 27, 2010) (Friedman, J.) (quoting *Kenney v. Heckler*, 577 F. Supp. 214 (N.D. Ohio 1983)).

In addition, the undersigned has reviewed the record evidence and the ALJ's decision and finds no patent defects in the administrative proceedings that would undermine the ALJ's decision. I therefore suggest that even if the case were examined on the merits, the findings of the Commissioner should be affirmed and summary judgment granted in favor of Defendant.

### C. Conclusion

Accordingly, because Plaintiff has failed to comply with the Court's schedule even after a specific warning, I conclude that he has failed to undertake a meaningful effort to prosecute this

lawsuit in a diligent manner. As a result, I suggest that the case be dismissed with prejudice for failure to prosecute.

### III.   REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 1, 2014           /S PATRICIA T. MORRIS
                                 Patricia T. Morris
                                 United States Magistrate Judge